IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GORDON VAUGHN, # 0116069,** | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| **vs.** | :   CIVIL ACTION NO.12-00724-CG-B |
| | : |
| **STATE OF ALABAMA,** *et al.*, | : |
| | : |
|     **Defendants.** | : |

**REPORT AND RECOMMENDATION**

    Gordon Vaughn, a Mobile County Metro Jail inmate proceeding *pro se*, filed the instant § 1983 action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Along with the complaint, Plaintiff filed a motion to proceed without prepayment of fees. (Doc. 2).  In order to proceed in forma pauperis in this action without having to pay the $350 filing fee at the time of filing, Plaintiff cannot be subject to the provisions of 28 U.S.C. § 1915(g).  The Court has discovered, however, that Plaintiff's action is subject to § 1915(g).  Upon consideration of Plaintiff's complaint and supporting brief (Docs. 1, 3), and a review of the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, it is recommended that this action be dismissed

without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that while Plaintiff was a prisoner, he had at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, Vaughn v. Thigpen, CA 92-0833-ID-CSC (M.D. Ala. Sept. 21, 1992); Vaughn v. Hunt, CA 92-0874-ID-CSC (M.D. Ala. Sept. 8, 1992), appeal dismissed without legal merit (11th Cir. Feb. 16, 1993); Vaughn v. Harrelson, CA 92-0955-ID-CSC (M.D. Ala. Sept. 21, 1992); Vaughn v. DeMent, CA 92-1259-WHA-VPM (M.D. Ala. Dec. 22, 1992); Vaughn v. Folsom, CA 94-0941-WHA-CSC (M.D. Ala. Nov. 9, 1994); Vaughn v. U.S. Postal Service, CA 94-1186-WHA-CSC (M.D. Ala. Oct. 7, 1994); Vaughn v. Harrelson, CA 94-1338 (M.D. Ala. Mar. 3, 1995); Vaughn v.

2

Wallace, CA 94-1556-WHA-CSC (M.D. Ala. Dec. 21, 1994); Vaughn v. Herring, CA 95-0147-ID-CSC (M.D. Ala. Nov. 9, 1995); Vaughn v. Wallace, CA 95-0184-MHT-CSC (M.D. Ala. Nov. 9, 1995); Vaughn v. Jones, CA 93-0653-BH-C (S.D. Ala. Mar. 3, 1994); Vaughan v. United States of America, CA 90-2655-RBP-RRA (N.D. Ala. Feb. 22, 1991); Vaughan v. White, CA 89-5318-JHH-ETC (N.D. Ala.), appeal dismissed as frivolous (11th Cir. Apr. 2, 1990); and Vaughan v. Jones, CA 93-0711-AH-C (S.D. Ala. Mar. 3, 1994).[1]  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. See Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must

---

[1] In addition to these actions that Plaintiff filed under the last names of "Vaughn" or "Vaughan" while incarcerated, Plaintiff has also filed two more actions while he was not incarcerated, Vaughn v. United States Government, CA 10-0266-RS-GRT (N.D. Fla. Jan. 6, 2011), and Vaughn v. Hines, CA 11-0002-RS-CJK (N.D. Fla. June 8, 2011).  Both actions were dismissed on one of § 1915(e)(2)(B)'s grounds.

allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In assessing whether a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350 (11th Cir. 2004).  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.).  Furthermore, the allegations must demonstrate that at the time the complaint was filed, the danger existed. Id., 2007 WL 484547 at *2.

In reviewing Plaintiff's complaint and supporting brief (Docs. 1, 3), the Court is unable to discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint on or about November

4

26, 2012.[2] See Doc. 1 at 11; see also Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385,101 L.Ed.2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); Vanderberg v. Donaldson, 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (applying Houston v. Lack to a variety of actions), cert. denied, 535 U.S. 976 (2002).

Although Plaintiff's complaint and brief in this action are rambling and are barely legible, it is clear that Plaintiff is making many of the same factual assertions contained in a substantially similar complaint that he filed on December 26, 2012, a mere month after he filed this action. (See Vaughn v. State of Alabama, CA 12-007690-KD-N (S.D. Ala.)). In the latter action, Plaintiff asserts that he arrived in Mobile on September 6, 2012. (Id., at Doc. 1). Subsequently, he was advised at the State Troopers' Office to go to West Infirmary to have his swollen right foot examined. His foot has been swollen since the 1990's when inmates at St. Clair Prison twisted his foot completely back around. (Id. at 5). Plaintiff lived in the woods near the hospital for a while, and he thinks that he left his food stamp card at the troopers' office. (Id. at 4). At some point, Plaintiff stole a pack of salami at the Save-A-Lot

---

[2] It is not clear what day the complaint was signed, but it has a mailing date of November 26, 2012.

5

food store at Broad and Government Streets because churches had denied him food. (Id.).  On September 27, 2012, Plaintiff was arrested for theft of property, third degree, while he was leaving the Social Security Office. (Id. at 4, 5).

While at the jail, two attempts have been made on his life, one on October 10, 2012, for which he had to go USA for seven stitches in his head (id. at 5, 7), and the other on November 15, 2012, after which the jail's clinic closed a one and half inch cut on his head with two staples instead of sending him to the hospital. (Id. at 10).  In addition, Plaintiff is receiving medical care for his mental condition (id. at 9, 21) and medical care for his foot (id. at 19).  Specifically, plaintiff states that on November 30, 2012, his foot was swollen as big as a balloon, but he was only given water pills at the clinic. (Id. at 19).  He complains that no blood test was done to determine if there was an infection so "they still may wind up cutting [the] foot off [] unless we get (unintelligible)." (Id.).  He also states that "I've got a swollen foot now, it[] may have gain green [sic] in it now, if I don't." (Id. at 7).

Plaintiff also states that he is "on so called mental health ward (illegible) I'm 'crazy' to extent of being so called delusional[.]" (Id. at 16).  Plaintiff indicates that he receives forced injections (id. at 8, 10), "poison", and pills

6

(id. at 15, 21), and that when he was released from prison in 1997, he was transferred to a mental hospital. (Id. at 8).

The court in the latter action determined that notwithstanding Plaintiff's jumbled complaint, his allegations advanced a concrete claim for a swollen right foot that more than likely was present at the time of the complaint's filing, but that his allegations fell short of showing that he was in imminent danger of serious physical injury at the time of filing. (Id. at 7). According to the Court:

> [Plaintiff's] allegations show that the swollen condition of his right foot is a persistent one that has existed since his prior incarceration with ADOC in the 1990s. His allegations also show that he is receiving medical treatment for his foot at the jail and that he is receiving treatment at the jail for other medical and mental needs. Based on his allegations, he appears to be disputing the medical treatment that he is receiving. An inmate with such a claim generally is unable to show that there has been a deliberate indifference. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.") (citation and quotation marks omitted). Moreover, no imminent danger is described in plaintiff's allegations. And his allegations in regard to this claim appear very conclusory.

(Id. at 6).

The court held that Plaintiff could not avail himself of § 1915(g)'s exception, and on account of his failure to pay the

7

$350 filing fee at the time he filed that action, the action was due to be dismissed without prejudice. (Id. at 6)[3]; Id., at Docs. 7, 8); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he **initiates** the suit"); Vanderberg, 259 F.3d at 1324 (holding that the filing fee that must be paid by an inmate subject to § 1915(g) must be paid at the time an action is commenced).

Like the latter action, Plaintiff's complaint and brief contain virtually identically rambling factual allegations, which are not sufficient to establish that Plaintiff was in imminent danger at the time he filed his complaint.  In the absence of any facts suggesting that Plaintiff was in imminent danger at the time he filed his complaint, this action must be dismissed for failure to pay the $350.00 filing fee when Plaintiff commenced this action.  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[3] See Vaughn v. State of Alabama, CA 12-007690-KD-N (S.D. Ala. March 4, 2013) (Docs. 7, 8)

**DONE** this **10th** day of **April, 2013.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).

10

>should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  F<small>ED</small>. R. C<small>IV</small>. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.